IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Astrid L. Dobek, et al.,        ) | No. CIV 03-297-TUC-FRZ |
| Plaintiffs,        ) | **ORDER** |
| vs.        ) | |
| Wal-Mart Stores, Inc.,        ) | |
| Defendant.        ) | |

## I. BACKGROUND

Pending before the Court is Defendant's partial motion for summary judgment as to the parental loss of consortium claims asserted by Plaintiff Astrid Dobek's children. United States Magistrate Judge Jennifer C. Guerin issued a Report and Recommendation on May 15, 2007. In that Report and Recommendation, Magistrate Judge Guerin recommended denying Defendant's partial motion for summary judgment. Defendant filed an objection to the Report and Recommendation. Plaintiffs did not file any objection to the Report and Recommendation.

## II. STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

## III. DISCUSSION[1]

### A. Defendant's Objection

Defendant objects to the Report and Recommendation on the ground that it applied the incorrect standard of review to the parental loss of consortium claims asserted by Astrid Dobek's children. Defendant argues that there is only one controlling case in Arizona that sets the standard of review for parental loss of consortium claims, and pursuant to that case (*Villareal*) a child asserting the loss of consortium of a parent must show that the parent-child relationship has been destroyed or nearly destroyed due to the injury suffered by the parent. *See Villareal v. State, Dept. of Transp.*, 160 Ariz. 474, 774 P.2d 213 (1989). Subsequent to *Villareal*, however, the Arizona Supreme Court analyzed the standard of review in the context of a parent asserting a claim for the loss of consortium of a child. *See Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (1989). In *Pierce*, the Arizona Supreme Court held that a parent could recover for the loss of consortium of a child if there has been a significant interference with the parent-child relationship due to the injury suffered by the child. *See id.* According to Defendant, despite the fact that Arizona law allows a child to assert the loss of consortium of a parent and also allows a parent to assert the loss of consortium of a child, the standard of review for these intertwined claims must be drastically different under Arizona law. Thus, Defendant submits that while a parent asserting the loss of consortium of a child only has to show a significant interference with the parent-child relationship to recover for loss of consortium, a child asserting the loss of consortium of a parent must show that the parent-child relationship is destroyed or nearly destroyed (i.e., the child inexplicably must meet a much higher standard than a parent asserting the same claim). The Court disagrees with Defendant's position. The Report and Recommendation considered the arguments at bar and correctly resolved the issue as follows:

---

[1] As the Report and Recommendation throughly discusses the facts and law pertinent to the partial motion for summary judgment, the Court will not repeat that entire discussion. Rather, the relevant facts and law will be addressed only to the extent necessary to resolve the specific objection filed by Defendant.

- 2 -

There are no disputed issues of material fact for purposes of this Motion. The parties dispute whether Plaintiffs can make the threshold showing necessary to state a claim for parental loss of consortium and, more specifically, the parties dispute what the law requires to establish the claim. Defendant contends that Plaintiffs must prove that the parent-child relationship has been destroyed or nearly destroyed. Plaintiffs assert that the correct standard is a lower standard - whether the parent's injuries are severe enough to cause a "significant interference" in the parent-child relationship. Both parties agree that only after a plaintiff satisfies the judge that the plaintiff's injuries meet the threshold standard, is the claim submitted to the trier of fact to determine the degree of interference and the amount recoverable.

. . .

This Court agrees with the Plaintiffs' reading of the applicable law[] and concludes that, under Arizona law, a cause of action for parental loss of consortium exists when a parent suffers a severe, permanent, and disabling injury that substantially interferes with the parent's capacity to interact with his children in a normally gratifying way. *Pierce v. Casas Adobes Baptist Church*, 162 Ariz. 269, 272, 782 P.2d 1162, 1165 (1989) (citing *Villareal v. State, Dept. of Transp.*, 160 Ariz. 474, 480, 774 P.2d 213, 219 (1989)). Evidence of a significant interference in the parent-child relationship must exist; however, the injury need not be the functional equivalent of death or even be categorized as "catastrophic." *Id*.

Defendant argues that the Court cannot consider the legal standard set forth in *Pierce* because *Pierce* applies only to filial loss of consortium claims, *ie*. claims by parents for loss of a child's consortium. According to Defendant, *Villareal* sets forth a separate and "extremely high threshold" for claims brought by children for loss of a parent's consortium: the parent's mental or physical impairment must be so overwhelming and severe that the parent-child relationship is destroyed or nearly destroyed. *See Villareal*, 160 Ariz. at 480, 774 P.2d at 219. The Court finds this argument unpersuasive and concludes that Arizona case law does not support the distinction suggested by Defendant. *Villareal* does set forth the standard urged by Defendant. *Villareal*, however, is part of an evolving line of cases analyzing the loss of consortium cause of action in Arizona.

*Villareal* was the first Arizona Supreme Court case to recognize a cause of action by a child for loss of a parent's consortium. In *Villareal*, the court noted that the Arizona courts had been chipping away at its previous 1954 decision holding that neither a wife nor a minor child had a separate cause of action for damages resulting from the negligent injury of the husband and father. 160 Ariz. at 477, 774 P.2d at 216 (citing *Jeune v. Del E. Webb Constr. Co.*, 77 Ariz. 226, 269 P.2d 723 (1954)). In overruling *Jeune*, the court stated, "When we find that the common law or 'judge-made law' is unjust or out of step with the times, we have no reluctance to change it." *Id.* (citations omitted). The court noted that the court of appeals had recognized a cause of action for parents' loss of an injured minor child's consortium, *id.* (citing *Ruben v. Ely*, 146 Ariz. 390, 705 P.2d 1360 (Ct.App.1985) and that the Supreme Court had extended that ruling by allowing parents to recover for loss of an adult child's consortium. *Id.* (citing *Frank v. Superior Court,* 150 Ariz. 228, 722 P.2d 955 (1986). In recognizing a child's claim for loss of consortium of his parent, the *Villareal* Court specifically recognized the value of a child's relationship with a parent, and stated:

> We believe that children have a right to enjoy a mutually beneficial relationship with their parents. The loss of a parent's love, care, companionship and guidance can severely impact a child's development and have a major influence on a child's welfare and personality throughout life. Because every individual's character and disposition impact on society, it is of highest importance to the child and society that we protect the right to receive the benefits derived from the parental relationship.

160 Ariz. at 478, 774 P.2d at 217.

Just months after the *Villareal* decision, the Arizona Supreme Court, in an opinion authored by the same Justice who wrote *Villareal*, issued its ruling in *Pierce*, which considered "plaintiff's petition for review regarding the test that must be satisfied before parents may maintain a cause of action for loss of a child's consortium." *Pierce*, 162 Ariz. at 270, 782 P.2d at 1163. The *Pierce* decision regarded claims for loss of consortium by a parent as analogous to claims for loss of consortium by children. In setting forth the legal standard for a loss of consortium claim by a parent, the *Pierce* court specifically referenced *Villareal*; the *Pierce* court stated that it was operating "within the guidelines established in *Reben*, *Frank*, and *Villareal*," and in fact cited specifically and exclusively to *Villareal* in holding that "parents may maintain a cause of action for loss of their child's consortium when the child suffers a severe, permanent, and disabling injury that substantially interferes with the child's capacity to interact with his parents in a normally gratifying way." 162 Ariz. at 272, 782 P.2d at 1165.[Before announcing the standard for loss of consortium claims, the *Pierce* court noted that *Reben, Frank,* and *Villareal*, had all involved a severe and permanent injury that had reduced the individual's ability to exchange love, affection, companionship, comfort, care and society. The court specifically noted that other jurisdictions had also recognized loss of consortium claims in situations where the injuries did not so severely damage the parent-child relationship. 162 Ariz. at 272, 782 P.2d at 1165 (citations omitted). Notably, in this discussion, the *Pierce* court did not distinguish loss of consortium claims brought by parents from those brought by children.]

In setting forth the standard by which to judge loss of consortium claims, the court concluded that although evidence of a significant interference in the parent-child relationship must exist, the injury need not be catastrophic to permit recovery. *Id.* The court held: "[P]arents may maintain a cause of action for loss of their child's consortium when the child suffers a severe, permanent and disabling injury rendering the child unable to exchange love, affection, care, comfort, companionship and society in a normally gratifying way." 162 Ariz. at 273, 782 P.2d at 1166.

Thus, it appears that Arizona courts treat loss of consortium claims as one body of law, regardless of whether the plaintiff is a child or a parent. *See Barnes v. Outlaw*, 192 Ariz. 283, 284-85, 964 P.2d 484, 485-86 (1998) (noting that the focus of the loss of consortium cause of action has shifted over time from a property right in the services of another to the intangible values of a relationship, such as companionship and affection, and summarizing the evolution from *Jeune* to *Villareal*). There does not appear to be any basis in the Arizona court's holdings or reasoning for concluding that children claiming the lost consortium of a parent must satisfy a different and more stringent legal standard than parents claiming the lost consortium of a child. As set forth in *Villareal* and *Pierce*, the policies underlying the recognition of parental loss of consortium claims do not permit such a distinction. The parent-child relationship is acknowledged to be "mutually" valuable, whether the loss in that relationship be to the parent or to the child. Accordingly, this Court concludes that under Arizona law, Plaintiffs' loss of consortium claims should be considered in light of the standard set forth in *Pierce*. Under that standard, in order to survive summary judgment, Plaintiffs must demonstrate that Astrid Dobek's injuries are "sufficiently severe" enough to warrant a cause of action for loss of consortium.

*See* Report and Recommendation at 3-7. Defendant's objection is denied.

### B. Remaining Issues

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Guerin's recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Johnson v. Zema Systems*

1  *Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D.
2  Or. 1998).

3  **IV.  CONCLUSION**

4     Accordingly, IT IS HEREBY ORDERED as follows:

5  (1) United States Magistrate Judge Guerin's Report and Recommendation (Doc. #99) is
6  **accepted and adopted**.

7  (2) Defendant's partial motion for summary judgment as to the loss of consortium claims of
8  Astrid Dobek's children (Doc. #81) is **denied**.[2]

9  (3) **The Clerk of the Court shall terminate the referral to Magistrate Judge Guerin**.  The
10 parties shall file with this Court a Joint Proposed Pretrial Order (a form is attached to this
11 Order) and any Motions in Limine within 30 days of the filing date of this Order; any
12 responses to the Motions in Limine shall be due in 10 days and no replies will be permitted
13 unless otherwise ordered by the Court.

14 (4)  Alternatively, if the parties so choose, they may engage in a settlement conference with
15 a Magistrate Judge at no cost to the parties.[3]  If the parties choose this option, they should
16 contact the Court which can set up the conference and stay the remaining deadlines.

17    DATED this 16th day of July, 2007.

*FRANK R. ZAPATA*
United States District Judge

---

[2] The Court notes that Defendant filed a motion to strike Plaintiffs' response to its objection because the response was allegedly two days late.  However, a review of the record and applicable rules for computing response times shows that the response was timely.  *See* FED.R.CIV.P. 6(a), (e); FED.R.CIV.P. 5(b)(2)(B).  Defendant's motion to strike (Doc. #103) is denied.

[3] The parties may also choose to engage in a private sector settlement conference as well.

- 5 -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *, <br>     Plaintiff(s), <br> vs. <br> *, <br>     Defendant(s). | CV *-*-TUC-FRZ <br><br> **PROPOSED JOINT PRETRIAL ORDER** |

Pursuant to the Scheduling Order previously entered, following is the proposed Joint Pretrial Order which shall, upon approval of the Court, become the Final Pretrial Order.

**I.**

**IDENTIFICATION OF PARTIES AND COUNSEL**

**II.**

**STATEMENT OF JURISDICTION**

Briefly state the facts and cite the statutes which give this Court jurisdiction.

**III.**

**NATURE OF ACTION**

- 6 -

Provide a concise statement of the type of case, the cause of action, and the relief sought.

## IV.
## STIPULATIONS AND UNCONTESTED FACTS

## V.
## CONTESTED ISSUES OF FACT

The following are issues of fact to be tried and determined upon trial. Each issue of fact must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:
Plaintiff(s) contends:
Defendant(s) contends:

## VI.
## RELEVANT UNCONTESTED ISSUES OF LAW

(i.e. burdens of proof; standards of review)

## VII.
## RELEVANT CONTESTED ISSUES OF LAW

The following are issues of law to be tried and determined upon trial. Each issue of law must be stated separately and in specific terms, followed by the parties' contentions as to each issue.

Issue:
Plaintiff(s) contends:
Defendant(s) contends:

## VIII.
## LIST OF WITNESSES

Each party shall provide a list of witnesses intended to be called at trial. Each witness shall be indicated as either fact or expert. A brief statement as to the testimony of each expert witness shall also be included.

## IX.

## LIST OF EXHIBITS

Each party shall provide a list of numbered exhibits. A statement of either UNCONTESTED or CONTESTED shall follow each listed exhibit. If contested, a brief statement of the objection by the opposing party shall follow the listed exhibit.

(eg - 1. Laboratory Report from the Clinical Immunology Diagnostic Laboratory dated June 15, 2004. CONTESTED - Relevance, foundation and hearsay.)

## X.

## LIST OF DEPOSITIONS

Portions of depositions that will be read at trial must be listed by page and line number. A statement of either UNCONTESTED or CONTESTED shall follow. If contested, a brief statement of the objection by the opposing party shall follow the listed portion of the deposition to be offered.

## XI.  MOTIONS IN LIMINE

Plaintiff(s) have filed the following Motions in Limine:

Defendant(s) have filed the following Motions in Limine:

## XII.  JURY TRIAL or BENCH TRIAL

### For a Jury Trial

Trial briefs (only upon request of the Court), proposed voir dire, interrogatories to the jury, stipulated jury instructions and instructions which are not agreed upon, shall be filed 10 days prior to Trial.

### For a Bench Trial

1  Trial briefs (only upon request of the Court), shall be filed 10 days prior to Trial.
2  Parties are referred to LRCiv 52.1 regarding the filing of proposed findings of fact and
3  conclusions of law.

### XIII.  PROBABLE LENGTH OF TRIAL

### CERTIFICATION

The undersigned counsel for each of the parties in this action do hereby approve and certify the form and content of this proposed Joint Pretrial Order.

Attorney for Plaintiff(s)                              Attorney for Defendant(s)

This proposed Joint Pretrial Order is hereby approved as the Final Pretrial Order on this ___ day of _____, 2007.

FRANK R. ZAPATA
United States District Judge